# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| STEVEN SEDLOCK | CIVIL ACTION NO. 05-1030-LC |
| VS. | SECTION P |
| JIM ROGERS, WARDEN | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (28 U.S.C. §2254) filed by pro se petitioner Steven Sedlock. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is presently incarcerated at the C. Paul Phelps Correctional Center, DeQuincy, Louisiana, where he is serving a two year sentence imposed following his conviction on charges of cruelty to a juvenile and simple battery in Louisiana's Thirty-eighth Judicial District Court, Cameron Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, along with the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On February 2, 2004, petitioner was convicted of one count of cruelty to a juvenile (a felony) and one count of simple battery (a misdemeanor) following a bench trial in Louisiana's Thirty-eighth Judicial District Court. On February 9, he was sentenced to serve six months in the Cameron Parish Jail for simple battery and two years in the parish jail for the cruelty

to a juvenile charge. All but the time already served awaiting trial was suspended and petitioner was placed on supervised probation for the remainder of the two years. The sentences were ordered to be served concurrently. [See Doc. 1, paragraphs 1-6; see also, Exhibits, Trial Transcript; see also, *State v. Sedlock*, 2004-564 (La. App. 3d Cir. 9/29/04), 882 So.2d 1278, 1279].

2. Petitioner timely appealed his felony conviction to the Third Circuit Court of Appeals, where he argued two assignments of error: (1) sufficiency of the evidence; [*Sedlock*, 882 So.2d at 1280; and, (2) the trial court erred when it failed to grant a motion for judgment of acquittal at the close of the State's case. See *Sedlock*, 882 So.2d at 1285. On September 29, 2004, his conviction was affirmed. [*id.*]

3. Petitioner filed an application for writ of review in the Louisiana Supreme Court, again arguing the two assignments of error raised on direct appeal. [Doc. 1, Exhibits, Application for Writ of Review].

4. On February 25, 2005, his writ application was denied. See *State v. Sedlock*, 2004-2710 (La. 2/25/05), 894 So.2d 1131.

5. On June 14, 2005, petitioner filed his petition for habeas corpus raising four grounds for relief: (1) Conviction obtained by use of evidence gained pursuant to an constitutional [sic] search and seizure; (2) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest; (3) Illegal search and seizure; and, (4) Denial of effective assistance of counsel.

**LAW AND ANALYSIS**

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>      \*   \*   \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
> 28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims.

*Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court. Petitioner has not presented <u>any</u> of his federal *habeas* claims to the courts of Louisiana. Therefore, it is clear that the Louisiana courts have not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims.

Absent a showing that state remedies are either unavailable or inadequate (such showing not having been demonstrated by plaintiff), he cannot now proceed in this court in *habeas corpus*. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Petitioner is hereby advised that the federal *habeas corpus* statutes impose a one-year statute of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that petitioner files in this court. Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Moreover, since the present petition raises <u>only unexhausted claims</u>, the court need not address the stay and abeyance of mixed *habeas* petitions recently addressed by the Supreme Court in *Rhines v. Weber*, --- U.S. ----, 125 S.Ct. 1528, ---

L.Ed.2d---- (Mar. 30, 2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas* claims remain unexhausted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of September, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE